## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIE THERESE N. FONCHENELA, | Case No. 19-cv-2780 (JRT/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CHERLYL SHARON DORBOR THOMAS, | |
| Defendants. | |

Plaintiff Marie Therese N. Fonchenela has applied for leave to proceed *in forma pauperis* ("IFP") in this action pursuant to 28 U.S.C. § 1915(a)(1). (Dkt. No. 2). Her complaint alleges that Defendant Cherlyl Sharon Dorbor Thomas harassed her and engaged in "character assassination" while they were both employed by Parker Hannifin Corporation. (Dkt. No. 1). Typically, the Court considers the IFP application before the action may proceed. However, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Here, the Court will consider at the outset whether it has jurisdiction.

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiuam). The absence of subject-matter jurisdiction is such a basis

1

and may be raised by the Court *sua sponte* at any time. *Lundeen v. Canadian Pac. Ry. Co.,* 47 F.3d 606, 611 (8th Cir. 2006). Federal district courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 551 (2005). To hear a matter such as this, the Court must have subject-matter jurisdiction, either diversity of citizenship (28 U.S.C. § 1332) or federal question (28 U.S.C. § 1331). To satisfy diversity jurisdiction under 28 U.S.C. § 1332, each plaintiff must have a different citizenship than each defendant; diversity jurisdiction does not exist when any plaintiff is a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). The presence of a non-diverse party automatically destroys subject matter jurisdiction when jurisdiction is based solely on diversity. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998). Section 1332 also requires that the amount in controversy exceed $75,000. Federal question jurisdiction exists when the case or controversy arises under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Fonchenela does not explicitly state a basis for jurisdiction in federal court; nor did she check the box for diversity jurisdiction or federal question jurisdiction on her civil cover sheet. As to diversity jurisdiction, Fonchenela has not alleged any information about the citizenship of the parties, nor alleged the amount that is in controversy. Therefore, on the face of her complaint there is no basis for this Court to exercise diversity jurisdiction.

Similarly, her complaint fails to allege federal question jurisdiction. There is no federal cause of action for general "harassment" by one citizen against another, and Fonchenela has not alleged any facts to assert a violation of any federal employment statute (e.g., the Age Discrimination in Employment Act of 1967) . Nor is there a federal cause of action for defamation—or "character assassination"—as alleged by Fonchenela.

Because the Court lacks jurisdiction to hear this matter, it recommends that this Complaint be dismissed.

NOW, THEREFORE, it is RECOMMENDED:

1. That the case be hereby DISMISSED without prejudice for lack of jurisdiction.

2. That the application to proceed in forma pauperis [Docket No. 2] be DENIED as MOOT in light of the recommended dismissal.

Dated: December 2, 2019            s/David T. Schultz            _
                                   DAVID T. SCHULTZ
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).